131 F.3d 148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Satendra Kumar SHARMA; Sashi Lata Sharma; Shennan Sangeeta
Sharma, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70634.
 United States Court of Appeals, Ninth Circuit.
 Oct. 22, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, Nos. Axt-ydp-ari/970/971;
 Before: SCHROEDER, BEEZER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioners Satendra Kumar Sharma, Sashi Lata Sharma and Sherman Sangeeta Sharma ("the Sharmas") are Indian citizens of Fiji who remained in the United States beyond the time allowed by their visas. The Immigration and Naturalization Service subsequently commenced deportation proceedings against them. The Sharmas conceded deportability and applied for asylum pursuant to 8 U.S.C. 1158(a) and withholding of deportation pursuant to 8 U.S.C. § 1253(h). They requested voluntary departure in the alternative.
 
 
 3
 The Immigration Judge ("IJ") denied the Sharmas' applications for asylum and withholding of deportation and granted their request for voluntary departure. The Sharmas appealed these denials to the Board of Immigration Appeals ("BIA"). The BIA affirmed the IJ's denial. The Sharmas petition us for review. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition.
 
 
 4
 * We review the BIA's denial of asylum for abuse of discretion. Prasad v. INS, 101 F.3d 614, 616 (9th Cir.1996). The BIA's denial must be upheld if supported by reasonable, substantial and probative evidence on the record. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 5
 To oe eligible for asylum, an alien must show that he is unable or unwilling to return to his country because he has suffered past persecution or has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(12)(A), 1158(a). We conclude that the Sharmas' evidence did not establish that they suffered past persecution within the meaning of the statute. See Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir.1987).
 
 
 6
 Further, we conclude that substantial evidence supports the BIA's determination that the Sharrias do not have a well-founded fear of future persecution. "Particularized individual persecution, not merely conditions of discrimination in the country of origin, must be shown before asylum will be granted." Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995). Although the Sharmas introduced evidence concerning discrimination and unrest in Fiji, the BIA determined that they failed to demonstrate that they had a well-founded fear of individualized persecution. Nothing in the record compels a contrary conclusion. See Elias-Zacarias, 502 U.S. at 481 n. 1.
 
 II
 
 7
 Because the Sharmas failed to satisfy the lower standard required to establish eligibility for asylum, their claim for withholding of deportation necessarily fails. Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996).
 
 PETITION DENIED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36 3